IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOSEPH B. WATERS,

    Petitioner,

v.                                                                                                       No. 2:22-cv-926 MV/KRS

FNU STEVENSON *Warden*, and
ATTORNEY GENERAL OF THE
STATE OF NEW MEXICO,

    Respondents.[1]

## ORDER FOR ADDITIONAL BRIEFING

**THIS MATTER** is before the Court on Luis Ramon Ramirez's ("Petitioner's") Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, filed December 5, 2022. (Doc. 1). The Attorney General of the State of New Mexico and FNU Stevenson *Warden* (collectively "Respondents") filed a limited answer addressing exhaustion (Doc. 12) on September 20, 2023. Petitioner did not file a reply.[2] United States District Judge Martha Vazquez referred this case to me to conduct hearings, if warranted, and to perform any legal analysis required to recommend to the Court an ultimate disposition.[3]

In the limited answer, Respondents concede Petitioner exhausted Ground 1(b)-(e) (ineffective assistance of counsel), Ground 2 (illegal conviction), and Ground 3 (double jeopardy). In Ground 2, Petitioner maintains that his conviction for first degree kidnapping was illegal

---

[1] Petitioner is in custody under a state-court judgment. He is presently incarcerated at Lea County Correctional Center ("LCCF") in Hobbs, New Mexico. *See* https://www.cd.nm.gov/ offender-search/ (last accessed Mar. 7, 2023). The warden of LCCF and the Attorney General of the State of New Mexico are thus proper party respondents in this Section 2254 habeas proceeding. *See* Habeas Corpus Rule 2(a) ("If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody.").

[2] Pursuant to 28 U.S. Code § 226(b)(2) this Court afforded Petitioner a 178 days to file a reply.

[3] *See* December 6, 2022, text entry in the docket.

because the physical force during the kidnapping was merely incidental to the commission of a separate felony. (Doc. 1 at 7).

The record demonstrates Petitioner raised Ground 2 in an amended petition for writ of habeas corpus relief in state court pursuant to Rule 5-802 NMRA on June 27, 2018. (Doc. 12-1 at 168, 173–74). After extensive briefing, the state court held an evidentiary hearing on February 9, 2022, on Petitioner's amended petition for writ of habeas corpus. (Doc. 12-1 at 432). Petitioner then withdrew his claims as to Ground 2 (an illegal conviction for first degree kidnapping) and double jeopardy at the evidentiary hearing. (*Id.*) On June 23, 2022, the state court denied the petition as to the remaining issues. (*Id.* at 432–48).

On June 29, 2022, Petitioner signed and deposited for institutional mailing a petition for writ of certiorari to the New Mexico Supreme Court pursuant to Rule 12-501 NMRA. (*Id.* at 449–60). He reiterated his ineffective assistance of counsel claims, (doc. 12-1 at 452–53, 455), as well as claims for prosecutorial and judicial misconduct and the cumulative effect of prosecutorial misconduct. (*Id.* at 454–55). On October 28, 2022, the New Mexico Supreme Court denied the petition. (*Id.* at 461).

The provisions of 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996, 110 Stat. 1214 ("AEDPA"), govern this case. A federal district court may not consider the merits of a habeas petition brought pursuant to 28 U.S.C. § 2254 unless the petitioner "has exhausted the remedies available in the courts of the State."[4] 28 U.S.C. § 2254(b)(1)(A). A petitioner has not exhausted his state court remedies if he still "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). To exhaust

---

[4] A federal court may review a petitioner's unexhausted claims if "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). Petitioner has not argued—and the record does not indicate—that either of these situations are present in this case.

state court remedies, a petitioner must "properly present[ ]" the issue "to the highest state court, either by direct review of the conviction or in a postconviction attack." "[T]he crucial inquiry is whether the substance of the petitioner's claim has been presented to the state courts in a manner sufficient to put the courts on notice of the federal constitutional claim." *Prendergast v. Clements*, 699 F.3d 1182, 1184 (10th Cir. 2012) (internal citation and quotation omitted). The Court therefore finds that further briefing is necessary to properly resolve whether Petitioner exhausted his state court remedies as to Ground 2.

**IT IS HEREBY ORDERED** that Respondents shall file additional briefing by Tuesday, April 16, 2024, addressing whether Petitioner exhausted Ground 2 (illegal conviction).

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE