IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOSEPH B. WATERS,

    Petitioner,

v.                                                                                                              No. 1:22-cv-926 MV/KRS

FNU STEVENSON *Warden*, and
ATTORNEY GENERAL OF THE
STATE OF NEW MEXICO,

    Respondents.[1]

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**THIS MATTER** is before the Court on Luis Ramon Ramirez's ("Petitioner's") Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, filed December 5, 2022. (Doc. 1). The Attorney General of the State of New Mexico and FNU Stevenson *Warden* (collectively "Respondents") filed a limited answer addressing exhaustion (Doc. 12) on September 20, 2023.[2] Petitioner did not file a reply.[3] United States District Judge Martha Vazquez referred this case to me to conduct hearings, if warranted, and to perform any legal analysis required to recommend to the Court an ultimate disposition.[4]

Having considered the parties' submissions, the relevant law, and the record in this case, I

---

[1] Petitioner is in custody under a state-court judgment. He is presently incarcerated at Lea County Correctional Center ("LCCF") in Hobbs, New Mexico. *See* https://www.cd.nm.gov/ offender-search/ (last accessed Mar. 7, 2023). The warden of LCCF and the Attorney General of the State of New Mexico are thus proper party respondents in this Section 2254 habeas proceeding. *See* Habeas Corpus Rule 2(a) ("If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody.").
[2] On April 3, 2024, this Court ordered Respondents to file additional briefing to determine whether Petitioner exhausted Ground 2 (illegal conviction). (*See* Doc. 13). On April 15, 2024, Respondents filed a response clarifying Petitioner had not exhausted Ground 2. (*See* Doc. 14). For the reasons stated herein the Court agrees with Respondents.
[3] Pursuant to 28 U.S. Code § 226(b)(2) this Court afforded Petitioner a 178 days to file a reply. After an extensive review of the record, the Court finds that it has sufficient information to issue this PRFD to avoid further delay.
[4] *See* December 6, 2022, text entry in the docket.

conclude that Petitioner has filed a mixed petition containing both exhausted and unexhausted claims. I recommend that Petitioner be given thirty (30) days after an order adopting the Proposed Findings and Recommended Disposition ("PFRD") to voluntarily dismiss his unexhausted claims—sub-claim 1(a) for "[p]reventing petitioner from exercising his constitutional right to testify," (doc. 1 at 5), Ground Two "legality of 1st degree kidnapping" (doc. 1 at 7), and Ground Four "the cumulative [*sic*] effect of all errors not being an attorney" (doc. 1 at 10)—and proceed on his remaining claims, all of which are exhausted. If Petitioner does not do so, I recommend dismissing his entire petition without prejudice.

I. **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On April 29, 2015, a jury found Petitioner guilty of first-degree kidnapping; first-degree criminal sexual penetration ("CSP"); third-degree aggravated battery; and the misdemeanor offense of interference with communications.[5] (Doc. 12-1 at 5–8, 14, 16). The jury found Petitioner not guilty as to the five remaining counts of first-degree CSP and one count of fourth-degree contributing to the delinquency of a minor. (*Id.* at 9–13, 15). Petitioner's convictions stemmed from the kidnapping and sexual assault of Petitioner's then-girlfriend's 15-year-old daughter in 2013. (*See* Doc. 12-1 at 33–43).

On September 2, 2015, Petitioner was sentenced to a 39-year, 364-day term of imprisonment. (*See* Doc. 12-1 at 17–22). Petitioner timely filed a direct appeal to the New Mexico Supreme Court. (*Id.* at 23–46). In his direct appeal, Petitioner contended there was insufficient evidence to support his conviction. (*Id.* at 43).

On January 29, 2016, the New Mexico Court of Appeals proposed summary affirmance.

---

[5] Except as otherwise noted, all record citations are to the exhibits attached to Respondent's Answer (Doc. 12). The Court cites to the CM/ECF pagination rather than any internal page numbers in the exhibits.

(Doc. 12-1 at 47–55). On March 25, 2016, Petitioner moved to amend his docketing statement to add four (4) issues:

1. Double Jeopardy: Petitioner contended his convictions for first degree CSP based upon great bodily harm and aggravated battery violated his right to be free from double jeopardy, (doc. 12-1 at 63–68);

2. Due Process: Petitioner asserted the investigating officers' failure to document the absence of defensive injuries the victim suggested she inflicted on him was a violation of his due process rights, (doc. 12-1 at 71–73);

3. Speedy Trial: Petitioner argued the 17 ½ month delay from the time of his indictment to his trial violated his right to a speedy trial, (doc. 12-1 at 73–77); and

4. Ineffective Assistance of Counsel: Petitioner claimed trial counsel should have moved to suppress his voluntary statement that was given absent *Miranda*[6] warnings, (doc. 12-1 at 77–79).

(Doc. 12-1 at 56–79). On May 4, 2016, the New Mexico Court of Appeals affirmed Petitioner's conviction and denied his motion to amend his docketing statement. (Doc. 12-1 at 80–91). Thereafter, on June 1, 2016, Petitioner filed a petition for writ of certiorari. (*Id.* at 101–117). On June 22, 2016, the New Mexico Supreme Court denied the petition. (*Id.* at 118–119).

On May 15, 2017, Petitioner filed a *pro se* petition for writ of habeas corpus relief in state court pursuant to Rule 5-802 NMRA reiterating his double jeopardy, sufficiency of the evidence, due process, and speedy trial claims. (Doc. 12-1 at 129–147). Petitioner also raised a claim for ineffective assistance of counsel. In particular, Petitioner alleged his counsel was ineffective for: a) "[P]etitioner was denied his right to take the stand in his own defense by his attorney;" b) failing

---

[6] *Miranda v. Arizona*, 384 U.S. 436 (1996).

to investigate defenses and witnesses, including hiring a rebuttal expert; c) failing to properly cross-examine and impeach State witnesses; d) failing to suppress inadequately cross-examining witnesses; e) failing to move to suppress DNA evidence; and f) failing to advise Petitioner of a plea offer. (*Id.* at 120–129).

On June 27, 2018, Petitioner, through appointed counsel, filed an amended petition of habeas corpus raising the following issues:

1. <u>Ineffective Assistance of Counsel</u>: (a) failing to move to suppress the statement Petitioner provided to law enforcement; (b) preventing Petitioner from exercising his constitutional right to testify in his own defense; and (c) advising Petitioner to decline the State's plea offer, (doc. 12-1 at 167–172);

2. <u>Illegal Conviction</u>: Petitioner's conviction for first degree kidnapping was illegal because the physical force during the kidnapping was merely incidental to the commission of a separate felony, (doc. 12-1 at 168, 173–174); and

3. <u>Double Jeopardy</u>: convictions for first degree CSP based upon great bodily harm and aggravated battery violated his right to be free from double jeopardy, (doc. 12-1 at 168, 174).

After extensive briefing, the state court held an evidentiary hearing on February 9, 2022, on Petitioner's amended petition for writ of habeas corpus. (Doc. 12-1 at 432). Petitioner withdrew his claims as to an illegal conviction for first degree kidnapping and double jeopardy. (*Id.*) On June 23, 2022, the state court denied the petition as to the remaining issues. (*Id.* at 432–448).

On June 29, 2022, Petitioner signed and deposited for institutional mailing a petition for writ of certiorari to the New Mexico Supreme Court pursuant to Rule 12-501 NMRA. (*Id.* at 449–460). He reiterated his ineffective assistance of counsel claims for (a) failure to investigate, (b)

failure to move to suppress DNA evidence, (c) failure to present the State's plea offer, and (d) failure to move to suppress his confession. (Doc. 12-1 at 452–453, 455). Petitioner also raised claims for prosecutorial and judicial misconduct for failure of the prosecutor and judge to explain the plea offer to him as well as the cumulative effect of prosecutorial misconduct. (*Id.* at 454–455). On October 28, 2022, the New Mexico Supreme Court denied the petition. (*Id.* at 461).

## II. PETITIONER'S § 2254 HABEAS PETITION

On December 5, 2022, Petitioner filed the § 2254 federal habeas petition that is presently before the Court and the subject of this PFRD. (Doc. 1). In his *pro se* petition, Petitioner asserts four grounds for relief:

1. Ground 1: Ineffective Assistance of Counsel

   a) Trial counsel "prevented [P]etitioner from exercising his constitutional right to testify." (Doc. 1 at 5).

   b) Trial counsel failed to move to suppress Petitioner's non-Mirandarized statements to law enforcement. (*Id.*).

   c) Trial counsel advised Petitioner to decline the State's plea offer. (*Id.*)

   d) Trial counsel failed to investigate Petitioner's defenses and witnesses. (*Id.*)

   e) Trial counsel failed to call witnesses. (*Id.*)

   f) Trial counsel failed to call rebuttal expert witness. (*Id.*)

2. Ground 2: Illegal Conviction

   Petitioner asserts his first degree kidnapping conviction was illegal because the New Mexico legislature did not intend to punish for kidnapping when the physical force during the kidnapping was merely incidental to the commission of a separate felony. (*Id.* at 7).

5

3. Ground 3: Double Jeopardy

   Petitioner contends his convictions for first degree CSP based upon great bodily harm and aggravated battery violated his right to be free from double jeopardy. (*Id.* at 8).

4. Ground 4: Cumulative Errors

   Petitioner argues the cumulative effect of all errors including, but not limited to, fundamental errors and harmless errors, warrant his requested relief. (*See id.* at 10).

On July 7, 2023, the Court ordered Respondents to file an answer addressing the merits of each claim and whether Petitioner had exhausted his state court remedies as to each claim. (Doc. 10). On September 20, 2023, Respondents filed a limited answer in which Respondents contend that Petitioner has filed a mixed petition containing both exhausted and unexhausted claims. (*See* Doc. 12 at 1, 7–8). Respondents ask the Court to instruct Petitioner to delete his unexhausted claims from his petition and thereafter, allow Respondents to file a supplemental answer addressing the merits of Petitioner's exhausted claims. (*Id.* at 1, 8–10).

### III. ANALYSIS

   A. The Exhaustion Requirement

   The provisions of 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996, 110 Stat. 1214 ("AEDPA"), govern this case. A federal district court may not consider the merits of a habeas petition brought pursuant to 28 U.S.C. § 2254 unless the petitioner "has exhausted the remedies available in the courts of the State."[7] 28 U.S.C. § 2254(b)(1)(A). "The [exhaustion] doctrine reflects the policies of comity and federalism between the state and federal governments, a recognition that it would be unseemly in our dual system of government for a

---

[7] A federal court may review a petitioner's unexhausted claims if "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). Petitioner has not argued—and the record does not indicate—that either of these situations are present in this case.

federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation." *Demarest v. Price*, 130 F.3d 922, 932 (10th Cir. 1997) (citations and quotation marks omitted).

A petitioner has not exhausted his state court remedies if he still "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). To exhaust state court remedies, a petitioner must "properly present[ ]" the issue "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994) (citation omitted). "[T]he crucial inquiry is whether the substance of the petitioner's claim has been presented to the state courts in a manner sufficient to put the courts on notice of the federal constitutional claim." *Prendergast v. Clements*, 699 F.3d 1182, 1184 (10th Cir. 2012) (internal citation and quotation omitted).

Habeas petitions that contain both exhausted and unexhausted claims are called "mixed petitions." *Pliler v. Ford*, 542 U.S. 225, 227 (2004). Federal "district courts may not adjudicate mixed petitions." *Fairchild v. Workman*, 579 F.3d 1134, 1155 (10th Cir. 2009) (quoting *Rhines v. Weber*, 544 U.S. 269, 273 (2005)).

B. <u>Petitioner Has Filed a Mixed Petition</u>

I agree with Respondents that Petitioner has presented a mixed petition containing both exhausted and unexhausted claims. There is no question that Petitioner has exhausted his claim for double jeopardy (Ground 3). This argument was squarely raised in Petitioner's post-conviction proceedings. *See* supra p. 3.

As to the ineffective assistance of counsel claim (Ground 1), Petitioner exhausted this claim in part only. As Respondent concedes (*see* Doc. 12 at 7–8), Petitioner exhausted sub-claims 1(b)–(f). These arguments were presented in Petitioner's 2016 and 2022 petitions for writ of certiorari

to the New Mexico Supreme Court. *See supra* p. 3–5; *Dever*, 36 F.3d at 1534 ("[t]he exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack."). However, Petitioner's other ineffective assistance argument—sub-claim 1(a) that his trial counsel was ineffective for preventing Petitioner from testifying at trial—was not raised at any point in Petitioner's 2016 or 2022 petitions for writ of certiorari. To date, Petitioner has not proffered any evidence establishing that he properly presented sub-claim 1(a) to the New Mexico Supreme Court. I therefore conclude that sub-claim 1(a) is unexhausted. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) (stating that the petitioner "must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition").

Likewise, Petitioner's illegal conviction claim (Ground 2) and cumulative errors claim (Ground 4) are unexhausted. Petitioner raised Ground 2 in his direct appeal and his state habeas proceeding. *See supra* p. 3–4. On February 9, 2022, nevertheless, Petitioner withdrew Ground 2 from his state amended petition for writ of habeas corpus. *Id.* at 4. Petitioner has not cited to any record evidence establishing that he properly exhausted Ground 2. *Id.* at 4. As for Ground 4, Petitioner concedes in his federal habeas petition that he did not raise this claim on direct appeal or any post-conviction proceedings. (Doc. 1 at 10–11). In the 2254 petition, Petitioner intimates that any failure to exhaust Ground 4 was because he was "not allowed to ask for this [claim] on state [*sic*] habeases." *Id.* at 10. He further asserts that his legal counsel failed to raise this claim. *Id.* Petitioner's conclusory statements are insufficient to establish exhaustion. The law is clear, Ground 2 and Ground 4 may not be presented to this Court absent an opportunity for the state courts to review his claims.

In sum, Petitioner has filed a mixed petition in which only the following claims are

exhausted: (1) Ground 1(b)–(f), ineffective assistance of counsel; and (2) Ground 2, double jeopardy. Petitioner's remaining grounds—sub-claim 1(a), Ground 2, and Ground 4—are unexhausted.

> When presented with a mixed petition, the Court has the following options:
>
> (1) dismiss the mixed petition in its entirety . . .; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims . . .; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims . . .; or (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit . . . .

*Fairchild*, 579 F.3d at 1156 (internal citations omitted).

I do not recommend dismissal of the mixed petition in its entirety. Those in custody pursuant to the judgment of a state court have a one-year statute of limitations to file a federal habeas petition. *See* 28 U.S.C. § 2244(d). Federal habeas petitions do not toll the limitations period. *See Duncan v. Walker*, 533 U.S. 167, 181–82 (2001). If the Court were to dismiss the current habeas petition to allow Petitioner to exhaust sub-claim 1(a), Ground 2, and Ground 4 in state court, his application would be time-barred were he to return to federal court. *See*, *e.g.*, *Rhines*, 544 U.S. at 274–75 ("Although the limitations period is tolled during the pendency of a 'properly filed application for State post-conviction or other collateral review,' § 2244(d)(2), the filing of a petition for habeas corpus in federal court does not toll the statute of limitations") (citing *Duncan*, 533 U.S. at 181–82). Thus, dismissing Petitioner's petition would push this case well past the limitations period.

Similarly, the "stay and abeyance" mechanism is not appropriate in this case. The Supreme Court has stated that "[b]ecause granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines [(1)] there was good cause for the petitioner's failure to exhaust his claims in state

9

court"; (2) the petitioner's unexhausted claims are not "plainly meritless"; and (3) there is "no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 277–78. On the record now before me, I do not find that these prerequisites for the stay-and-abeyance procedure have been met. Nothing in the documents before the Court points to the existence of the requisite good cause.

Nor is the fourth option, *i.e.*, to ignore the exhaustion requirement altogether and deny the petition on the merits, appropriate at this juncture. Respondent has not yet addressed the merits of Petitioner's exhausted claims and as such, it is premature for the Court to undertake a review of the substantive merits of the exhausted claims.

I conclude that the best option is the third option because it provides Petitioner "with the choice of returning to state court to exhaust his claims or amending and resubmitting the habeas petition to present only exhausted claims to the district court." *Rose v. Lundy*, 455 U.S. 509, 510 (1982).

C. Procedural Default

Before recommending that Petitioner be given an opportunity to dismiss his unexhausted claims, I consider whether, upon dismissal of the unexhausted claims, Petitioner would then be able to raise this claim in state court. *Demarest*, 130 F.3d at 939. "[I]f the court to which Petitioner must present his claims in order to meet the exhaustion requirement would now find those claims procedurally barred, there is a procedural default for the purposes of federal habeas review." *Id.* (internal citation omitted). This is often referred to as an "anticipatory procedural bar." See *Anderson v. Sirmons*, 476 F.3d 1131, 1139 n.7 (10th Cir. 2007) ("'Anticipatory procedural bar' occurs when the federal courts apply procedural bar to an unexhausted claim that would be procedurally barred under state law if the petitioner returned to state court to exhaust it."); *Moore*

*v. Schoeman*, 288 F.3d 1231, 1233 n.3 (10th Cir. 2002). Where procedural default applies, the federal court may review the defaulted claim if the petitioner can show "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

In this case, if Petitioner were to return to state court to exhaust sub-claim 1(a), Ground 2, and Ground 4, he would advance these claims via a second state habeas petition. Ordinarily, "New Mexico state courts will not consider any issues raised in a second post-conviction proceeding which could have been raised in the first proceeding." *Harris v. Williams*, 5 F. App'x 831, 833 (10th Cir. 2001) (unpublished) ("[G]rounds omitted in the prior proceedings are deemed waived.") (quoting *State v. Gillihan*, 1974-NMSC-060, ¶10, 86 N.M. 439, 440, 524 P.2d 1335, 1336). However, as set forth in Rule 5-802(I) NMRA, there are several exceptions to this waiver rule:

> I. Second and successive petitions. If the petitioner has previously filed a petition seeking relief under this rule, the court shall have the discretion to:
> (1) dismiss any claim not raised in a prior petition unless fundamental error has occurred, or unless an adequate record to address the claim properly was not available at the time of the prior petition; and
> (2) dismiss any claim raised and rejected in a prior petition unless there has been an intervening change of law or fact or the ends of justice would otherwise be served by rehearing the claim.

*Id.* Thus, New Mexico courts may find that Petitioner's unexhausted claims are not precluded from review if Petitioner were to successfully assert that fundamental error occurred, that an adequate record did not previously exist, that there was an intervening change of law or fact, or that the ends of justice would otherwise be served by hearing the claim. *Id.* Significantly, Respondent also does not argue that a procedural bar applies to Petitioner's unexhausted claims.

Accordingly, because there still is a possibility of state review of Petitioner's unexhausted

11

claim, in the interest of comity, I find that sub-claim 1(a), Ground 2, and Ground 4 are not procedurally defaulted. *See, e.g., Demarest*, 130 F.3d at 939 (stating that courts should generally choose the option of allowing petitioner to exhaust state remedies when those claims are not procedurally barred); *see also Coleman*, 501 U.S. at 731 (explaining that both the exhaustion requirement and the doctrine of procedural default are "grounded in principles of comity," and that "in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights"); *Banks v. Horn*, 126 F.3d 206, 211 (3d Cir. 1997) (advising federal courts to exercise caution before finding a claim procedurally barred where the possibility of state review exists "even if it is not likely that the state court will consider petitioner's claim on the merits"); *Burgin v. Broglin*, 900 F.2d 990, 995 (7th Cir. 1990) (finding that where uncertainty exists regarding the availability of state remedies and further exhaustion is required, the better course is to require petitioner to explore the possibility that state remedies exist).

## IV. RECOMMENDATION

For the reasons discussed above, I recommend that Petitioner be given thirty (30) days after an order adopting the Proposed Findings and Recommended Disposition ("PFRD") to voluntarily dismiss his unexhausted claims, sub-claim 1(a), Ground 2, and Ground 4, and proceed on his remaining claims—sub-claims 1(b)–(f) and Ground 3. If Petitioner does not do so, I recommend dismissing his entire petition without prejudice.

If Petitioner chooses not to proceed with his exhausted claims, he should bear in mind that the one-year statute of limitations applies to all of the exhausted grounds in this petition, and any future federal habeas petitions on these grounds likely would be time barred.

**WITHIN FOURTEEN (14) DAYS AFTER A PARTY IS SERVED WITH A COPY OF THESE PROPOSED FINDINGS AND RECOMMENDED DISPOSITION, THAT PARTY MAY, PURSUANT TO 28 U.S.C. § 636(B)(1), FILE WRITTEN OBJECTIONS TO SUCH PROPOSED FINDINGS AND RECOMMENDED DISPOSITION. A PARTY MUST**

**FILE ANY OBJECTIONS WITH THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO WITHIN THE FOURTEEN (14) DAY PERIOD ALLOWED IF THAT PARTY WANTS TO HAVE APPELLATE REVIEW OF THE PROPOSED FINDINGS AND RECOMMENDED DISPOSITION. IF NO OBJECTIONS ARE FILED, NO APPELLATE REVIEW WILL BE ALLOWED. PURSUANT TO FED. R. CIV. P. 72(B)(2), A PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE OBJECTIONS.**

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE